**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

17-CR-20627-MOORE

UNITED STATES OF AMERICA

v.

DERRICK MCBRIDE,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION**

    **THIS CAUSE** has been referred to the undersigned to take all necessary and proper action as required with respect to any violations of Supervised Release as to Defendant Derrick McBride (ECF No. 321).

    Upon referral from District Court Judge K. Michael Moore, the matter was set for status conference for the purpose of scheduling an evidentiary hearing on the violations (ECF No. 323). A telephonic status conference was conducted on July 29, 2022 and was attended by counsel for the Government, counsel for Defendant, and U.S. Probation Officer Chekia Hill.  Defense counsel represented that Defendant McBride intended to admit some of the violations (specifically, Violation Nos. 1–4) alleged in the Petition (ECF No. 311) and thus, that no evidentiary hearing was warranted for the purpose of determining probable cause.  Indeed, Defendant filed a written Notice of Intent to Admit (ECF No. 326) those violations and represented therein that the Parties agreed that the other violations would be dismissed.

    The petition was superseded with additional violations (ECF No. 325) and an additional proceeding was conducted on August 12, 2022.  This hearing was attended again by counsel for

1

Defendant and for the Government; Officer Jim Navarro appeared on behalf of U.S. Probation, having recently assumed supervision of Mr. McBride. Defense counsel again represented that the Parties agreed to a recommendation that Mr. McBride admit to four of the violations, with the remaining alleged violations to be dismissed.

A final hearing was conducted today, August 24, 2022. Mr. McBride appeared in person at the final hearing, which was additionally set to address the violations of bond raised by Officer Navarro.[1] Government counsel explained that the Party's agreement considered the absence of impact the additional violations would have on the guideline range applicable to the violations he is admitting and a respect for judicial economy—simply put, both sides agree that a determination of guilt on the remaining violations will not affect the sentence imposed by the Court if his supervised release is revoked. Defendant will not contest the allegations for sentencing purposes.

Accordingly, it is the recommendation of the undersigned that the Court set the matter for a final hearing and accept Defendant's admission of guilt of the Supervised Release Violations as charged in Violation Nos. 1–4 in the Superseding Petition.

The parties will have fourteen days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

---

[1] Following and as a result of this hearing, the bond was modified as requested by Officer Navarro to include a third-party custodian with whom Mr. McBride will reside, in addition to mental health and substance abuse counseling.

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 24th day of August, 2022.

*[signature]*

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:	Honorable K. Michael Moore
	Counsel of record